# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 3:20-cv-136-HEH

v.

MARK BISSOON, Caroline County Commissioner
of the Revenue, in his official capacity,

        Defendant.

## AGREED PROTECTIVE ORDER

The United States of America (the "Plaintiff") and Defendant Mark Bissoon, Caroline

County Commissioner of Revenue, in his official capacity (the "Defendant"), by counsel, hereby

stipulate and agree to the entry of this Agreed Protective Order pursuant to Federal Rule of Civil

Procedure 26(c).  This Protective Order shall govern the use, dissemination and disclosure of

confidential documents or information described herein and obtained by the parties through

discovery.

Confidential documents and information are items, documents, and information, including

electronically stored information ("ESI"), which: (i) contain personnel records, including, but not

limited to, records containing personal identifying information (e.g., dates of birth, social

security numbers, financial account numbers, taxpayer-identification numbers, names of minor

children, home addresses, telephone numbers, etc.);  (ii) contain payroll records or relate to the

compensation, earnings, wages, salary, or benefits of individuals employed by Defendant and/or

Caroline County; (iii) contain financial data related the operating budgets of Defendant and/or

Caroline County; (iv) contain private medical or health information of an individual (e.g.,

medical records relating to a patient that a healthcare provider created or maintained); or (v) are confidential pursuant to federal or state law, including but not limited to the Medicaid Act and its implementing regulations, 42 U.S.C. § 1396a(a)(7) and 42 C.F.R. §§ 431.300–.307 and the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations, 42 U.S.C. §§ 1320d-1–d-7 and 45 C.F.R. Parts 160, 162, and 164.  The parties agree to meet and confer in good faith if either party determines that there are additional categories of documents or information that should be treated as confidential information pursuant to this Protective Order.  The parties may, by written agreement, supplement the categories of documents and information that they intend to treat as confidential documents.  Categories of documents and information identified in any such supplemental agreement will be treated in the same manner as the confidential information specifically defined herein.

The parties having agreed, and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.      Confidential information produced in connection with interrogatory answers, responses to document requests, responses to requests for admissions, initial and supplemental disclosures, deposition and trial testimony, and other written, recorded, or graphic matter shall be designated as such by placing the label "**Confidential Discovery Material**," or its substantial equivalent, upon the document prior to or at the time of disclosure.  Documents so designated shall be treated as confidential and shall be treated in accordance with the further provisions of this Protective Order.  Documents that have already been produced in discovery or during the Equal Employment Opportunity Commission's ("EEOC") investigative process, may be retroactively designated within fourteen (14) days of the date of this Protective Order.  To the extent ESI is

2

produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the producing party shall either (i) mark the disc or other media containing the information as "Confidential Discovery Material" (if the information is provided on a disc or other tangible media source), or (ii) assert that the ESI being produced is "Confidential Discovery Material" in the cover letter or transmittal email (if the information is being produced electronically) and include in such cover letter or transmittal email which specific documents in the production (i.e., by identifying Bates ranges) include Confidential Discovery Material. The failure to designate "Confidential Discovery Material" shall not constitute a waiver of the assertion that the materials are subject to this Protective Order, nor shall such a failure alter the Parties' obligations to maintain Confidential Discovery Material in accordance with this Order.

2.      A party or non-party wishing to designate portions of a deposition transcript or deposition exhibits as "Confidential Discovery Material" under this Protective Order shall (a) do so immediately on the record during the deposition, or (b) designate such as Confidential Discovery Material by serving upon all counsel of record a written notice (i) setting forth the pages, line numbers and designations or (ii) identifying the deposition exhibits designated as confidential.  Each party shall attach a copy of such written notice to each hard copy of the transcript in its possession, custody, and control.  The designating party must serve such notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript from the court reporter.  The Parties agree to provide and accept service of such written notices described in this paragraph via email.  All deposition transcripts and exhibits will be treated as Confidential Discovery Material until the expiration of the fourteen-day period described in this paragraph.  Any portions of a deposition transcript or exhibit designated as Confidential Discovery Material shall be treated as Confidential Discovery Material in accordance

3

with this Protective Order. The Parties shall negotiate in good faith to alter the time frames set forth

in this paragraph in situations where a more expedited filing of a designated portion of the deposition

transcript or exhibits is required. Depositions where a party anticipates use of Confidential Discovery

Material shall not be conducted in the presence of anyone other than the authorized recipients defined

in Paragraph 3, any non-parties from whom discovery or deposition testimony is sought, and counsel

for those non-parties.

        3.      Confidential Discovery Material may be used only for the prosecution and/or

defense of this action or any appeal therefrom, and for no other purpose. Confidential Discovery

Material shall be maintained in a manner that prevents access by persons who are not authorized

recipients, as defined below. Under no circumstances, other than those specifically provided for in

this Protective Order or subsequent court orders, or with the prior written consent of the producing

party, shall any of the parties receiving such Confidential Discovery Material disclose it to any

unauthorized person other than the following:

        a.      The Court, including its support personnel;

        b.      Counsel for any party in this action, including paralegals, clerical assistants,

interns, and other employees or contractors who have a need to become familiar with the contents of

such documents in the prosecution or defense of this action;

        c.      The named parties in this lawsuit, including deposition or trial witnesses

employed by named parties who have a need to become familiar with the contents of such documents

in the prosecution or defense of this action;

        d.      Non-party deposition or trial witnesses who have a need to become familiar

with the contents of such documents in the prosecution or defense of this action, and their counsel;

4

e.      Court reporters or videographers; and

f.      Consultants to, or other individuals engaged to assist, parties retained in this litigation, including expert witnesses, investigators, outside litigation support personnel, or other agents, who themselves shall agree to be bound by the terms of the Court's order.  The following guidelines shall apply to disclosure within this subparagraph (f):

i.      Prior to any such disclosure to or discussion with such consultant or expert, each such person or entity shall be provided with a copy of this Protective Order and acknowledge in writing their intent to be bound by this Court's Protective Order by executing the acknowledgment attached hereto as EXHIBIT A;

ii.     A copy of the signed acknowledgment is to be retained by counsel for the party making the disclosure to such permitted person under this subparagraph (f); and

(iii)    Each person or entity given access to Confidential Discovery Materials shall keep such documents strictly secure, and shall refrain from disclosing in any manner the information set forth in those documents, preserving them and the information contained in them as confidential.

4.      Throughout the course of discovery and trial in this case, including any related appeals, no person or entity shall share copies of, or disseminate Confidential Discovery Material or information concerning the contents of any depositions, transcripts, audio/video recordings, affidavits, or pleadings in this action that have been designated as Confidential Discovery Material with any other persons, organization, or entity which is not a party to this action or in a relationship to parties and counsel in this action in the manner described in paragraph 3 and its subparagraphs.

This Protective Order does not prohibit a party from using or disclosing its own documents or materials which it has designated as Confidential Discovery Material pursuant to this Protective Order.   Nor does this Protective Order prohibit a party from using or disclosing materials independently obtained from non-confidential sources.

5.      If documents are sought from a non-party, the party requesting the production of documents shall furnish a copy of this Protective Order to the non-party or their counsel at the time the request is made or served.   The non-party may take advantage of the provisions of this Protective Order by providing the parties with a written acknowledgement of their intent to be bound by this Protective Order and executing the acknowledgment attached hereto as EXHIBIT A.

### Filing of Any Confidential Discovery Material

6.      In the event counsel for any party or non-party determines that it is necessary to file any Confidential Discovery Material with the Court in support of a pleading, motion, brief, or any other paper or exhibit, or to make reference to such material or information in a document filed with the Court, the Confidential Discovery Material  shall be redacted by the receiving party before filing with the Court, if redaction is feasible and practical.   In the event counsel for any party or non-party determines that it is necessary to file with the Court any unredacted Confidential Discovery Material, or any papers containing or making reference to such material or information, in support of a pleading, motion, brief, or any other paper or exhibit, such documents, or the portions of them that contain or reference Confidential Discovery Material, shall be filed under seal pursuant to the rules governing the filing of documents under seal contained in the Federal Rules of Civil Procedure and Local Civil Rule 5.   The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph, including the review of disputed confidential designations

6

prior to the filing of Confidential Discovery Material with the Court and/or the disclosure of Confidential Discovery Material during hearings and at trial, to permit compliance with the Local Rules and this Protective Order.  Either party may petition the Court to modify Confidential Discovery Material designations made under this Protective Order following such good faith efforts.

### Remedies and Review Procedures

7.    If any party objects to the designation of a document or the information contained in it as Confidential Discovery Material, or objects to the confidential designation placed on a deposition, transcript, audio/video recording, affidavit, or pleading, or any portion thereof, the objecting party shall so notify the designating party in writing and state the basis for the objection. The parties shall confer and attempt to resolve the dispute in good faith.  If the parties cannot resolve the dispute within five (5) business days following the identification of the objection and the objecting party concludes in good faith that the designating party has improperly designated the information as Confidential Discovery Material, the objecting party may file an appropriate motion with the Court. The producing party claiming confidentiality shall have an opportunity to respond to any such motion. Until the dispute is resolved, the disputed information shall be treated as Confidential Discovery Material as provided for in this Protective Order.

### Inadvertent Production of Privileged or Protected Materials

8.    The parties are engaging in discovery and desire to protect against any disclosure, inadvertent or otherwise, of privileged materials, and the production of any privileged or protected materials, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be

7

interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Any person or entity producing documents in connection with this proceeding may demand the return of any privileged materials.  In the event the receiving party discovers that it has received any privileged materials, it shall bring that fact to the attention of the producing party immediately upon discovery. When a producing party gives notice to the receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  In the event of inadvertent disclosure of Confidential Discovery Material to an individual who is not an Authorized Recipient as defined in Paragraph 3, the party making the disclosure shall, upon learning of the disclosure: (a) promptly notify the person or entity to whom the disclosure was made that it contains Confidential Discovery Material subject to this Order; (b) promptly make all reasonable efforts to retrieve all copies of the Confidential Discovery Material from, and preclude dissemination or use by, the person or entity to whom disclosure was inadvertently made; and (c) promptly notify the producing party of the inadvertent disclosure, the circumstances of the disclosure, and the steps taken to retrieve and prevent the dissemination or use of the Confidential Discovery Material.

## Return or Destruction of Confidential Documents

9.     Unless modified by order of this Court, this Protective Order shall remain in effect through the trial and all appeals, if any, of this litigation, unless modified, superseded, or terminated by consent of the Parties or by Order of this Court.  Within thirty (30) days of any final order not subject to further appeal, whether entered upon a verdict, settlement, voluntary dismissal or otherwise, all documents designated as Confidential Discovery Material, as well as any depositions, transcripts, audio or video recordings, affidavits, or pleadings, or any portions thereof that have been

8

designated confidential, including all copies thereof, in the possession, custody, or control of any person or entity identified in paragraph 3 and its subparagraphs, shall be returned to the producing party or, in the alternative, destroyed and certified to the producing party to have been destroyed. These activities shall be undertaken by the party or person who then has possession of the Confidential Discovery Material, without the assistance of the producing party provided, however, that counsel for the parties may retain one complete set of all documents filed with the Court. Counsel shall verify in writing that the requirements of this paragraph have been fulfilled within thirty (30) days of a final order being entered that is not subject to further appeal.  Nothing in this paragraph 9 shall apply to any document that is in the files of the Court, electronically or otherwise.

### Other Provisions

10.   This Protective Order shall serve as a qualified protective order under the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations, 45 C.F R. § 164.512(e), and shall serve as an order allowing covered entities (as defined in 45 C.F.R. § 160.103), including health care providers, to produce documents and medical records requested in this matter.

11. In the event that the parties receive a subpoena, Freedom of Information Act ("FOIA") request, or other process or court order requiring the production of Confidential Discovery Material received by the parties in connection with this lawsuit, the receiving party may disclose Confidential Discovery Material as required to comply with the subpoena, FOIA request, or other process or court order described above provided that the receiving party promptly notifies the producing party of the request in writing so that the producing party may seek a Protective Order or otherwise seek to limit or protect the Confidential Discovery Material from disclosure.  The

9

parties shall work together in good faith to ensure that Confidential Discovery Material is, to the fullest extent permitted by law, protected from disclosure.

12. The designation, production, or receipt of Confidential Discovery Material does not constitute an admission that the information is relevant, material, discoverable, authentic, or admissible.

13. This Protective Order shall not affect the right of any party or non-party to raise any permissible objection to the production or use of any Confidential Discovery Material.

14. This Protective Order may be modified, amended, or supplemented by written agreement of the parties or by order of the Court.  A party may file a motion for modification of, or relief from, this Protective Order after conferring in good faith with counsel.

SO ENTERED this _____ day of _____, 2020.


_____
The Honorable Henry E. Hudson
Senior United States District Judge

10

WE ASK FOR THIS:

William W. Tunner (VSB #38358)
William D. Prince IV (VSB #77209)
Matthew T. Anderson (VSB #86322)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 698-6254
Fax: (804) 780-1813
wtunner@t-mlaw.com
wprince@t-mlaw.com
manderson@t-mlaw.com
*Counsel for Defendant*

11

Seen and Agreed to:


Robert P. McIntosh (VSB #66113)
Assistant United States Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Tel: (804) 819-5400
Fax: (804) 771-2316
Robert.McIntosh@usdoj.gov

Cheryl Rost (admitted *pro hac vice*)
Sarah Anne Goldman (admitted *pro hac vice*)
Joy Levin Welan (admitted *pro hac vice*)
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-5311
Fax: (202) 307-1197
Cheryl.Rost@usdoj.gov
Sarah.Golabek-Goldman@usdoj.gov
Joy.Welan@usdoj.gov
*Counsel for the United States of America*

12

# EXHIBIT A

## <u>ACKNOWLEDGMENT OF AGREED PROTECTIVE ORDER</u>

I, _____, being duly sworn, declare as follows:

1.    My present employer is _____.

2.    My present occupation or job description is _____.

3.    I hereby acknowledge that (i) I have been given a copy of the Agreed Protective Order (the "Protective Order") in the above-referenced case; (ii) I have carefully read the terms of the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

4.    I will comply with all the provisions and requirements of the Protective Order. I will hold all documents and discovery materials that are designated as Confidential Discovery Materials, including the substance and any copies, summaries, abstracts, excerpts, indexes or descriptions, in confidence, and will not disclose such confidential materials to anyone not qualified under the Protective Order. I will not use any Confidential Discovery Material disclosed to me for any purposes whatsoever other than for the prosecution and/or defense of this case.

5.    I will return all Confidential Discovery Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or employed, or from whom I have received such material.

6.    I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare that the foregoing is true and correct.

_____

Signature

_____

Printed Name

_____

Date